*Stallcup & Luthe*, for defendant in error.

---

## HECHT *v.* BOUGHTON.

*(Supreme Court of the United States, October Term, 1881—Error to the Supreme Court of the Territory of Wyoming.)*

PRACTICE IN TERRITORIAL COURTS—APPEAL AND WRIT OF ERROR. Under the statute of the United States regulating practice before the Territorial Courts, causes tried in said Courts by a jury may be reviewed by the Supreme Court upon writ of error. All other cases must go up by appeal.

This was an action in ejectment tried in the District Court of the first judicial district of Wyoming Territory, before Peck, J.,

---

\* 1 Colo. Law Reporter, 84.

without a jury, and decided in favor of Mrs. Boughton, who was plaintiff in the action below.    The case was then taken by writ of error to the Supreme Court of the Territory, where the judgment was affirmed.    It was then taken up by writ of error to the Supreme Court of the United States.    A motion was then filed by defendant in error to dismiss, on the ground that by the act of Congress of April 7, 1874, found in 18 Statutes at Large, page 27, which provides that cases tried in the Territorial Courts, without a jury, must be taken up by appeal, and not by writ of error.    The opinion of the Court sufficiently states the points relied upon in the motion to dismiss, and is as follows:

WAITE, C. J.    This statute seems to us conclusive of the present motion.    In allowing legal and equitable remedies to be sought in the same action before the Territorial Courts, Congress saw fit to establish an inflexible rule by which it could be determined whether a case should be brought here from those Courts for review by writ of error or appeal, and provided that cases tried by a jury should come on writ of error, and all others by appeal.    This makes the form of proceeding depend on the single fact of whether there has been, or not, a trial by jury. (*Stringfellow* v. *Cain*, 99 U. S., p. 612.)    We are not to consider the testimony in any case.

Upon a writ of error we are confined to the bill of exceptions, or questions of law otherwise presented by the record; and upon an appeal, to the statement of facts and rulings certified by the Court below.    The facts set forth in the statement, which must come up with the appeal, are conclusive on us.    Under these circumstances, the form of proceeding to get a review is not of so much importance as certainty about what is to be done.

We cannot agree with counsel for plaintiff in error, that the act of Congress was intended to apply only to those Territories where the distinction between suits at law and suits in equity had actually been abolished.    From the preamble it may fairly be inferred that the object of the legislation was to prevent embarrassments growing out of the mingling of jurisdictions, but the statute, as it stands, clearly applies to all Territorial Courts.

The motion to dismiss is granted.

In addition to the dismissal of the case on the motion, the Court affirmed the judgment of the Court below.

*J. W. Fisher*, attorney for defendant in error.